IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FELISHA PARKER and LARESHA )
PARKER, as Next of Kin to ISACC )
D'WAYNE PARKER, Deceased, )
           )
        Plaintiffs, )
           )
v. )    Case No. CIV-24-00178-JD
           )
CITY OF LAWTON, et al., )
           )
       Defendants. )

**ORDER**

The Court has referred this matter to United States Magistrate Judge Shon T. Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)–(C). [Doc. No. 3]. Before the Court is the Report and Recommendation ("R. & R.") of Judge Erwin [Doc. No. 103], recommending that the Court deny Defendant John Ratliff's Motion for Partial Dismissal [Doc. No. 95]. Ratliff filed timely objections. [Doc. No. 106]. For the reasons outlined below, the Court accepts the R. & R.

I.    **BACKGROUND**

This case arises out of the death of Isacc D'Wayne Parker while he was in custody at the Lawton City Jail. Felisha and Laresha Parker brought claims relating to his death against the City of Lawton and various City employees, including Ratliff, the Lawton City Manager. Plaintiffs assert a state law negligence claim against Ratliff in his individual capacity for failing to provide necessary medical care to Parker while detained in Lawton City Jail. [Doc. No. 1 at 25–26]. Ratliff moves to dismiss Plaintiffs' state law

negligence claim against him because he is immune from suit under the Oklahoma Governmental Tort Claims Act ("OGTCA"), specifically, Okla. Stat. tit. 51 §§ 153(C), 163(C), and 155(25). [Doc. No. 95 at 4–8]. Plaintiffs responded, and Ratliff replied. [Doc. Nos. 98, 100].

Concerning Ratliff's claim that he is immune from suit under the OGTCA, the R. & R. concluded that Plaintiffs alternatively pled that Ratliff acted both within the scope of his employment and outside the scope of his employment. [Doc. No. 103 at 6–7]. The R. & R. found that Plaintiffs' allegations that Ratliff "act[ed] with reckless or callous indifference to Mr. Parker's protected rights" were sufficient to allege Ratliff was acting outside the scope of his employment and that the OGTCA does not provide immunity to such claims. [*Id.*]. Specifically, the R. & R. concluded that whether an employee is acting within the scope of his employment is an issue properly resolved upon summary judgment, rather than upon a motion to dismiss. [*Id.* at 7].

Regarding Ratliff's claim that he is immune to suit under Okla. Stat. tit. 51, § 155(25), the R. & R. concluded that "the Court should not definitively apply the exception when the question remains, at this stage, regarding whether Defendant Ratliff had acted within or outside of the scope of his employment." [*Id.* at 8].

Judge Erwin advised the parties of their right to object to the R. & R. by filing an objection with the Clerk of Court by November 13, 2025, and explained that failure to timely object to the Report and Recommendation waives appellate review of the recommended ruling. [*Id.* at 9]. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72.

Ratliff objected to the R. & R. First, Ratliff objected to the conclusion that he is not entitled to immunity under the OGTCA because he argues the Complaint does not plausibly allege facts that he acted outside the scope of his employment. [Doc. No. 106 at 4–6]. Ratliff also disagrees with the R. & R.'s conclusion that the Court should not decide whether he acted within the scope of his employment at this stage of the litigation. [*Id.* at 3]. Second, Ratliff asserts that Okla. Stat. tit. 51, § 155(25) operates to exempt Ratliff from Plaintiffs' claims regardless of whether he was acting within the scope of his employment. [*Id.* at 7–8].

II.    **DISCUSSION**

When a magistrate judge has entered a recommended disposition of a matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to

the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.*

Accordingly, the Court conducts a de novo review of the objected to portions of the R. & R., through the lens of the standards governing motions to dismiss as outlined in the R. & R. [*See* Doc. No. 103 at 1–3].

### A. The Court agrees with the R. & R.'s conclusion regarding Ratliff's immunity under the OGTCA.

As outlined in the R. & R., the OGTCA provides immunity for government employees as follows:

> In no instance in any such action shall an employee of the state or of a political subdivision of the state acting within the scope of employment be named as defendant; provided, however, such person may be named as defendant under alternative allegations that such person did not act within the scope of employment.
>
> . . .
>
> Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant with the exception that suits based on the conduct of resident physicians and interns shall be made against the individual consistent with the provisions of Title 12 of the Oklahoma Statutes.

[*Id.* at 3–4 (citing Okla. Stat. tit. 51, §§ 153(C) & 163(C) (emphasis omitted))].

Accordingly, immunity under the above provisions of the OGTCA hinges upon whether Plaintiffs allege that Ratliff was acting within the scope of his employment. Plaintiffs allege both that Ratliff was acting within the scope of his employment and also that "individual Defendants were acting outside the scope of their employment, as

4

Defendants' conduct, acts, and omissions alleged herein constitute reckless or callous indifference to Mr. Parker's protected rights." [Doc. No. 1 at 26]. The R. & R. concluded that, based upon the latter allegation, Plaintiffs alternatively pled that Ratliff acted outside the scope of his employment. [Doc. No. 103 at 6–7].

Ratliff objects to this conclusion because he argues that reckless disregard for the rights of others is not a sufficient basis for determining an employee acted outside the scope of his employment. [Doc. No. 106 at 5–6]. Ratliff states that "[a]s the Oklahoma Supreme Court has made clear, 'reckless disregard' for the rights of others is not sufficient for the conduct of an officer to be deemed outside the scope of employment." [*Id.* at 5]. However, the very case cited by Ratliff in support of this statement belies that reckless disregard cannot serve as a basis for inferring a finding of malice or bad faith:

> It is apparent that "reckless disregard" is distinguishable from acts that clearly show malice or bad faith. Acts performed with "reckless disregard" do not automatically rise to a level constituting malice or bad faith. That is not to say that malice or bad faith can never be inferred from conduct exhibiting reckless disregard for the rights of others. Such determination, however, shall be made on a case-by-case basis.

*Gowens v. Barstow*, 2015 OK 85, ¶ 21, 364 P.3d 644, 652. Accordingly, although the standard for determining whether an employee acted outside the scope of his employment for purposes of the OGTCA is whether that employee acted with bad faith or malice, Ratliff has not cited the Court to any precedent stating that the factfinder cannot infer such conduct from acts showing reckless disregard. *See Mustain v. Grand River Dam Auth.*, 2003 OK 43, ¶ 21, 68 P.3d 991, 999, *as corrected* (Apr. 23, 2003), *as corrected* (May 7, 2003) ("An employee whose acts are malicious, willful, wanton and in bad faith

is not acting in the scope of his employment."). Accordingly, at this pleading stage, the Court agrees with the R. & R. that Plaintiffs have adequately alternatively pled that Ratliff acted outside the scope of his employment.

The Court also agrees with the R. & R.'s assessment that the scope of employment issue is properly decided at the summary judgment stage rather than upon a motion to dismiss. [*See* Doc. No. 103 at 7]. Plaintiff objects to the R. & R.'s assessment "that scope of employment issues can never be determined at the motion to dismiss stage" as unsupported by Tenth Circuit authority. [Doc. No. 106 at 3 (emphasis omitted)]. However, Oklahoma caselaw, which applies to Plaintiffs' negligence claim, supports the conclusion that "[e]xcept in cases where only one reasonable conclusion can be drawn, the question of whether an employee has acted within the scope of employment at any given time is a question for the trier of fact." *Tuffy's, Inc. v. City of Okla. City*, 2009 OK 4, ¶ 8, 212 P.3d 1158, 1163.

To that end, Ratliff also asserts that Plaintiffs have alleged no facts that support that Ratliff was acting outside the scope of his employment. [Doc. No. 106 at 6]. However, allegations of failing to adequately train and supervise staff and employees have been held to raise an inference of bad faith for purposes of the OGTCA. *See Doe v. Oologah-Talala Indep. Sch. Dist.*, No. 21-CV-240-TCK-SH, 2022 WL 17406372, at \*11 (N.D. Okla. Dec. 2, 2022). Plaintiffs' Complaint includes similar allegations against Ratliff: "Defendants Lawton, Smith, Sellers, and Ratliff are responsible for an absolute failure in adequately training and supervising the arresting officers in this case that so clearly were ignorant to their own policies and procedures regarding how to handle a

person demonstrating clear and obvious signs of mental illness." [*See, e.g.*, Doc. No. 1 ¶¶ 81, 125]. Additionally, Plaintiffs allege that Ratliff failed to provide necessary medical care to Parker, and the Oklahoma Court of Civil Appeals has stated that "acts contrary to the interests of the employer are not within the scope of employment." *Shephard v. CompSource Okla.*, 2009 OK 25, ¶ 16, 209 P.3d 288, 293. Accordingly, at this pleading stage, the Court cannot conclude that Plaintiffs have failed to allege facts that support that Ratliff was acting outside the scope of his employment and therefore agrees with the conclusion of the R. & R.

> **B.     The Court agrees with the R. & R.'s conclusion regarding immunity under Okla. Stat. tit. 51, § 155(25).**

As outlined in the R. & R., Okla. Stat. tit. 51, § 155(25) provides that "[t]he state or a political subdivision shall not be liable if a loss or claim results from . . . [the] [p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility[.]" [Doc. No. 103 at 8]. The R. & R. declined to apply the exemption because a question of fact exists regarding whether Ratliff was acting in or outside the scope of his employment. [*Id.* (citing *Garland v. Okla. ex rel. Okla. Dep't of Corr.*, No. CIV-20-306-RAW, 2021 WL 1857408, at *2 (E.D. Okla. May 10, 2021))].

As this exemption also applies to actions performed by employees within the scope of their employment, the Court agrees with the R. & R. that determination of whether it applies is premature. *See Rowell v. Bd. of Cnty. Comm'rs of Muskogee Cnty.*, 2021 OK CIV APP 7, ¶¶ 18–19, 485 P.3d 879, 883–84 (discussing that section 155(25) applies "quite broadly" to exempt state subdivisions from "tort liability for loss resulting

from the functions of the officers and employees" done within the scope of employment). "In fact, § 155(25) may be read so broadly as to mean jail staff 'are expressly immunized from liability while acting within the scope of their employment.'" *Chiles v. Pontotoc Cnty. Sheriff's Dep't*, No. CIV-12-341-FHS-SPS, 2013 WL 5447876, at *2 (E.D. Okla. Sept. 30, 2013) (quoting *Washington v. Barry*, 2002 OK 45, ¶ 8, 55 P.3d 1036, 1039). The Court, therefore, agrees with the conclusion of the R. & R.

## III.   CONCLUSION

For the reasons outlined above, the Court ACCEPTS the R. & R. [Doc. No. 103] and DENIES Ratliff's Partial Motion to Dismiss [Doc. No. 95]. This action remains referred to Judge Erwin.

IT IS SO ORDERED this 4th day of May 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

8